# EXHIBIT 2

1

**SINGLETON SCHREIBER, LLP**
CHRISTOPHER R. RODRIGUEZ, SB# 212274

2
   E-Mail: crodriguez@singletonschreiber.com
ANDREW D. BLUTH, SB# 232387

3
   E-Mail: abluth@singletonschreiber.com
JOHN R. TERNIEDEN, SB# 330343

4
   E-Mail: jternieden@singletonschreiber.com
TRENT J. NELSON, SB# 340185

5
   E-Mail: tnelson@singletonschreiber.com
YUQING "EMILY" MIN, SB# 347239

6
   E-Mail: emin@singletonschreiber.com
1414 K Street, Suite 470

7
Sacramento, California 95814
Telephone: (916) 248-8478

8
Facsimile: (619) 255-1515

9
**LAW OFFICES OF THOMAS LEARY, APC**
THOMAS A. LEARY, SB# 123792

10
3023 First Avenue
San Diego, California 92103

11
Phone: (619) 291-1900

12
Attorneys for Plaintiffs

13

14

15
SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

16

17

18
DAVID CALLAWAY, an individual;
NATHAN ROSS, an individual; and

19
KHANH QUOCK LE, an individual, on
behalf of themselves and all others
similarly situated,

20

21
         Plaintiffs,

22
     v.

23
ANHEUSER-BUSCH COMPANIES,
LLC, a Missouri limited liability company;

24
ANHEUSER-BUSCH, LLC; a Missouri
limited liability company; and DOES 1

25
through 100, inclusive,

26
         Defendants.

27

28

No.  23STCV31182

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/20/2023 8:09 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

1

1

**COMPLAINT**

2       Plaintiffs David Callaway; Nathan Ross; and Khanh Quock Le, by and through their

3 undersigned counsel, on their own behalf and on behalf of all other entities and persons similarly

4 situated (residents of California only) (collectively, "Plaintiffs"), sue Anheuser-Busch Companies,

5 LLC ("Anheuser-Busch") and DOES 1 through 100 ("Doe Defendants") (Anheuser-Busch and Doe

6 Defendants are collectively referred to herein simply as the "Defendants") and for this Complaint,

7 allege upon information and belief, and based on the investigation to date of their counsel, as

8 follows:

9

**INTRODUCTION**

10       1.       This is a class action brought for the benefit and protection of Plaintiffs, and all other

11 similarly situated consumers who are residents of California and who accessed, downloaded, used,

12 or completed sales transactions through at least one of the websites or mobile applications operated

13 by Anheuser-Busch, including without limitation the website "anheuser-busch.com" and the

14 mobile application "Anheuser-Busch Experience" (the "Platforms").

15       2.       By way of this action, Plaintiffs, and all others similarly situated, seek damages,

16 restitution, injunctive relief, public injunctive relief, and other relief necessitated by Defendants'

17 unlawful and unfair actions in violation of California Civil Code section 1670.8 and California

18 Business and Professions Code section 17200.  Plaintiffs on behalf of themselves and all others

19 similarly situated seek an order permanently enjoining Defendants from engaging in these ongoing

20 unlawful and unfair practices, and civil penalties and damages available under California law.

21       3.       Because of the current power of the internet and social media platforms to publicize

22 a company's offerings of goods or services—and the potential harm to corporate interests when

23 negative consumer statements "go viral"—Defendants have a significant incentive to minimize the

24 negative publicity they receive, including in the form of negative online reviews and comments.

25 Some companies have gone so far as to attempt to prohibit customers and potential customers from

26 making negative statements about the goods or services they offer, to the detriment of consumers,

27 potential consumers, and the public of the State of California.  Fortunately, California Civil Code

28 section 1670.8 was enacted to protect the right of California consumers to voice their opinions,

2

observations, and experiences about the products and services delivered or offered to California consumers, as well as the citizens of the State of California.  The California Legislature reasonably and correctly determined that such freedom is important to keep the public informed and keep large corporations honest about the quality of the goods or services they offer to consumers.

4.      Section 1670.8(a) provides as follows: "(1) **A contract or proposed contract** for the sale or lease of consumer goods or services **may not include a provision waiving the consumer's right to make any statement** regarding the seller or lessor or its employees or agents, or concerning the goods or services" and "(2) **It shall be unlawful to threaten or seek to enforce a provision made unlawful under this section**, **or to otherwise penalize a consumer for making any statement protected under this section**."  Section 1670.8's protections are so important that the statute expressly provides that "**any waiver of the provisions of this section is contrary to public policy, and is void and unenforceable.**"

5.      In order to use and benefit from the Platforms, the Platforms' visitors, or users, are informed that they must agree to Anheuser-Busch's Terms and Conditions ("Terms").  In fact, Anheuser-Busch asserts that simply by accessing or using the Platforms, users have read, understood, and agreed to be bound by the Terms—regardless of whether users are simply visiting the Platforms or are actual purchasers or registered members of the Platforms.

6.      While conducting substantial business with California consumers, the Terms Defendants imposed upon the Platforms' users, and Anheuser-Busch's customers and prospective customers, clearly violate Section 1670.8.  Pursuant to the Terms that Defendants impose upon their customers for the privilege of accessing the goods and/or services offered and promoted on the Platforms, Anheuser-Busch requires users to agree they will not "make any claims regarding Anheuser-Busch or any of its products" on social media. Anheuser-Busch also broadly restricts how the Platforms' users, and Anheuser-Busch's customers and prospective customers, may disseminate content concerning Anheuser-Busch.  In doing so, Defendants seeks to silence their customers from criticizing Anheuser-Busch and Anheuser-Busch's core products.  This chilling activity is the precise conduct prohibited by Section 1670.8.

7.      Defendants' conduct is unlawful, including among other reasons, because it is aimed

3

to stifle California consumers' right to free speech, and the right of the California public to hear lawful discourse.  Defendants' strong-arm tactics to silence injured parties were and continue to be intentionally exercised to protect Defendants' self-promoting public image for commercial and other benefits.  Defendants' unlawful business practices, purposefully designed to maintain and increase their consumers and prop up their stock price, all while denying the public, consumers, and potential consumers accurate information so that they may make informed decisions as consumers.

8.     By way of the broad sweeping language in these provisions, Anheuser-Busch seeks to have users of the Platforms waive their right as consumers to make negative statements regarding Anheuser-Busch or its employees, agents, goods or services.  These unlawful restrictions—imposed by Defendants against their own customers and prospective customers—is an important component of Anheuser-Busch's business strategy, which relies upon the popularity of its product offerings nationwide to generate significant revenues and profits.  But Defendants' efforts to silence their customers and prospective customers is clearly prohibited by California law, thereby subjecting Defendants to significant penalties, as described herein.

## **JURISDICTION AND VENUE**

9.     This Court has jurisdiction over the claims and causes of action asserted herein because such claims arise solely and specifically out of Defendants' unlawful business practices within the State of California, and relate to at least one statute—California Civil Code section 1670.8—that was designed to protect California's citizens, the application of which is exclusively a matter for the courts of this State.

10.     Venue is proper in this Court because: Defendants transact business in California and in the County of Los Angeles based on Plaintiffs' use of the Platforms in this County; Defendants have committed unlawful acts in the County by and through the Platforms and associated business transactions within the County; and a substantial part of the events giving rise to the claims alleged herein occurred in this County, where at least one of the Plaintiffs resides.

## **THE PARTIES**

11.     At all relevant times, Plaintiff David Callaway was and has been a citizen of the

4

State of California and a resident of Los Angeles County.  Callaway is an individual who accessed, downloaded, used, or completed sales transactions through the Platforms within the applicable limitations period in Los Angeles County in the State of California.

12. At all relevant times, Plaintiff Nathan Ross was and has been a citizen of the State of California.  Ross is an individual who accessed, downloaded, used, or completed sales transactions through the Platforms within the applicable limitations period in the State of California.

13. At all relevant times, Plaintiff Khanh Quock Le was and has been a citizen of the State of California. Quock Le is an individual who accessed, downloaded, used, or completed sales transactions through the Platforms within the applicable limitations period in the State of California.

14. Upon information and belief, Anheuser-Busch is headquartered in St Louis, Missouri.  Anheuser-Busch, individually or collectively, through an integrated corporate structure (the details of which Plaintiffs are presently unaware), manufactures, markets, and sells a wide goods or services, including a variety of alcoholic beverages and associated products.  Anheuser-Busch's goods can be found in stores nationwide and generates sales through its Platforms.

15. The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of the Doe Defendants, inclusive, and each of them, are unknown to Plaintiffs at this time, who therefore sues said Doe Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a Doe Defendant caused injuries and damages proximately thereby to Plaintiffs as hereafter alleged, and that each Doe Defendant is liable to Plaintiffs for the acts and omissions alleged herein below, and the resulting injuries to Plaintiffs, and damages sustained by Plaintiffs.  Plaintiffs will amend this Complaint to allege the true names and capacities of said DOE Defendants when that same is ascertained.

## **FACTS COMMON TO ALL CLASS MEMBERS**

16. At all relevant times, Anheuser-Busch was and currently is in the business of designing, researching, manufacturing, testing, advertising, promoting, marketing, selling, and distributing consumer goods, including through its Platforms, all of which Platforms are targeted to, and accessible by, the citizenry of California.

17. Anheuser-Busch is well-aware that its public image is vital to maintaining and gaining customers. If the public sees content posted by users that may be insulting to Anheuser-Busch, and/or any of its partners, and/or any its employees, and/or concerning any of its goods or services, then its current customers and/or prospective customers may shift to a competitor, ultimately resulting in loss of business and loss of revenue. Anheuser-Busch is particularly sensitive to public statements that could harm its image given the recent public relations predicament it faced in response to its advertising campaign featuring a trans activist promoting one of its products – Bud Light.

18. Thus, in order to maintain a positive public image, Anheuser-Busch has engaged in an intentional business strategy to silence each and every customer or potential customer who visits and uses its Platforms by purporting to bind users to its Terms—immediately upon accessing any of its Platforms.

19. Specifically, Anheuser-Busch's Terms provide that users and visitors are not allowed to "make any claims regarding Anheuser-Busch or any of its products" on social media. Anheuser-Busch also broadly restricts how the Platforms' users, and Anheuser-Busch's customers and prospective customers may disseminate content concerning Anheuser-Busch.

20. In doing so, Anheuser-Busch has and continues to engage in unlawful and unfair conduct that is contrary to public policy and in violation of California Civil Code section 1670.8 and California Business and Professions Code section 17200.

21. Each of the Plaintiffs specifically identified herein, and millions more similarly situated persons in the State of California, have used the Platforms—either as consumers or potential consumers—and thus have ostensibly been subjected to the unlawful Terms.

## CLASS ACTION ALLEGATIONS

22. Pursuant to California Code of Civil Procedure section 382, Plaintiffs bring this class action on their own behalf and on behalf of all other similarly situated consumers in California. The proposed class is defined as follows:

a. With respect to Count I below, during the fullest period allowed by law, all persons residing in California who accessed, downloaded, used, or completed sales transactions

6

on the Platforms with Anheuser-Busch ("Class"); and

    b.   With respect to Count II below, a subclass of the Class, during the fullest period allowed by law, all persons residing in California who completed sales transactions on the Platforms with Anheuser-Busch ("Subclass").

23.    Like Plaintiffs, all Class members are California residents who accessed, downloaded, used, or completed transactions with Anheuser-Busch on the Platforms and who were subject to the Terms that limit their right as consumers to make statements regarding Anheuser-Busch or its goods or services.

24.    Excluded from the Class are assigned judges and members of their families within the first degree of consanguinity; Defendants; and Defendants' subsidiaries, affiliates, officers, and directors.

25.    The requirements of Code of Civil Procedure section 382 are satisfied for the proposed Class.

26.    The proposed Class is so numerous that individual joinder of all the members is impracticable because members of the Class number in the tens or hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiffs at this time but are objectively ascertainable and will be determined through appropriate discovery and other readily available means.

27.    Defendants possess objective evidence as to the identity of each Class member and, to a reasonable degree of certainty, the harm suffered by each Class member, including without limitation web traffic data evidencing visits to the Platforms and transactions on the Platforms, sales receipts, phone numbers, names, rewards accounts data, credit card data, customer service complaint forms/emails/date, and other evidence which objectively identifies class members.

28.    Class members may be notified of the pendency of this action by mail, publication and/or through the records of Defendants.

29.    There are common questions of law and fact affecting Plaintiffs and Class members. Common legal and factual questions include, but are not limited to:

    a. Whether each imposition of Defendants' Terms upon members of the Class constitutes a

7

violation of the provisions of California Civil Code section 1670.8 and, if so, whether each such violation is a "willful, intentional, or reckless" violation;

b. Whether Defendants' Terms are unlawful, contrary to public policy, void and/or unenforceable;

c. Whether by the misconduct set forth in this Complaint, Defendants engaged and continue to engage in unfair, fraudulent, or unlawful business practices;

d. Whether the Class is entitled to recover statutory attorney's fees;

e. Whether Class members are entitled to civil penalties; and

f. Whether, as a result of Defendants' misconduct alleged herein, Plaintiffs and Class members are entitled to restitution, injunctive, public injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

30.     Plaintiffs' claims are typical of the claims of the proposed Class because the rights of Plaintiffs and Class members were violated in the same manner by the same conduct.

31.     Plaintiffs and Class members are all entitled to recover statutory penalties and other relief arising out of Defendants' violations of statutory law alleged herein.

32.     Plaintiffs will fairly and adequately represent and protect the interests of the Class.

33.     Plaintiffs' interests do not conflict with the interests of the Class they seek to represent.  Plaintiffs have retained counsel competent and experienced in prosecuting class actions, and Plaintiffs intend to vigorously prosecute this action.

34.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and Class members.

35.     Given the relative value of statutory penalties available to any of the individual Class members, individual litigation is not practicable.

36.     Individual Class members will not wish to undertake the burden and expense of individual cases.

37.     In addition, individualized litigation increases the delay and expense to all parties and multiplied the burden on the judicial system.  Individualized ligation also presents the potential for inconsistent or contradictory judgments.

38.     In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

39.     Questions of law and fact common to all Class members predominate over any questions affecting only individual Class members.  Injuries sustained by Plaintiffs and Class members flow, in each instance, from a common nucleus of operative facts as set forth above.

40.     In each case, Defendants' actions caused harm to all Class members as a result of such conduct. The resolution of these central issues will be the focus of the litigation and predominate over any individual issues.

41.     Proposed Class counsel possesses the knowledge, experience, reputation, ability, skill, and resources to represent the Class and should be appointed lead counsel for the Class.

## COUNT I— VIOLATION OF CIVIL CODE SECTION 1670.8

42.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 41 of their Complaint.  Plaintiffs assert this cause of action on behalf of themselves and all other similarly situated persons residing in California who used and visited the Platforms.

43.     Defendants are in the business of selling consumer goods and services and marketing those goods and services via the Platforms.

44.     Plaintiffs and Class members accessed, downloaded, used, or completed sales transactions with Defendants via the Platforms.

45.     Pursuant to the Terms, Defendants told Plaintiffs and the Class members that they are not allowed to "make any claims regarding Anheuser-Busch or any of its products" on social media. Defendants also broadly restrict how the Platforms' users, and Anheuser-Busch's customers and prospective customers, may disseminate content concerning Anheuser-Busch.

46.     By simply accessing or using the Platforms, Defendants purport to have charged Plaintiffs and Class members with having read, understood, and agreed to be bound by the Terms.

47.     By way of this restriction, Defendants intentionally, willfully, or recklessly sought to have Plaintiffs and the Class members waive their right as consumers to make statements regarding Anheuser-Busch or its employees, agents, and goods and services, which restriction is

1    prohibited under California Civil Code 1670.8 and is contrary to public policy.

2          48.    Defendants have repeatedly violated California Civil Code 1670.8 in relation to each

3    of the Plaintiffs and Class members and their respective access, downloads, uses, or completed

4    sales transactions.

5          49.    Defendants' conduct has caused Plaintiffs and Class members to suffer harm.

6          50.    Plaintiffs and Class members are entitled to restitutionary and injunctive relief,

7    including public injunctive relief.

8          51.    Plaintiffs and Class members are also entitled to civil penalties for Defendants'

9    violations of Civil Code 1670.8.

10   **COUNT II—VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**

11         52.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 51 of their

12   Complaint.  Plaintiffs assert this second cause of action on behalf of themselves and all other

13   similarly situated within the Subclass.

14         53.    By engaging in the above-described conduct, Defendants, and each of them, acted

15   in a manner that is unlawful and unfair—including by virtue of the fact that their conduct violates

16   California Civil Code section 1670.8—and have thus engaged in unfair and unlawful business

17   practices to the extreme detriment of Plaintiffs and the Subclass members, which conduct is

18   prohibited under California Business & Professions Code sections 17200, et seq.

19         54.    Defendants' unlawful and unfair conduct has allowed for Defendants to enrich

20   themselves at the expense of Plaintiffs and Subclass members, including through Plaintiffs'

21   payment of monies to Defendants, including without limitation through the purchase transactions

22   completed on the Platforms.

23         55.    Plaintiffs are thus entitled to restitutionary and injunctive relief, including without

24   limitation disgorgement of any unlawful gains that Defendants obtained as a result of their unlawful

25   and unfair conduct at the expense of Plaintiffs and the Subclass members.

26                                    **PRAYERS FOR RELIEF**

27         **WHEREFORE**, Plaintiffs, on behalf of themselves and the putative Class members, pray

28   for judgment as follows:

a. Determining that this action is a proper class action and certifying the Class and Subclass, as defined herein;

b. Appointing Plaintiffs as Class and Subclass representatives;

c. Appointing the undersigned as Class and Subclass counsel;

d. Finding Defendants liable to Plaintiffs and Class members for damages in such amount(s) as the Court or Jury may determine;

e. Awarding statutorily provided damages to Plaintiffs and Class members as appropriate;

f. Awarding restitutionary disgorgement and all other forms of equitable monetary relief to Plaintiffs, Class members, and Subclass members;

h. Awarding pre- and post-judgment interest;

i. Awarding injunctive relief, including public injunctive relief, as claimed herein or as the Court may deem proper;

j. Awarding Plaintiffs, Class members, and Subclass members attorney fees and all litigation costs as allowed by law; and

k. Awarding such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated:  December 20, 2023                                SINGLETON SCHREIBER, LLP

By: _____
Christopher R. Rodriguez
Attorneys for Plaintiffs

LAW OFFICES OF THOMAS LEARY, APC

By: _____
Thomas A. Leary
Attorneys for Plaintiffs

11

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ANHEUSER-BUSCH COMPANIES, LLC, a Missouri limited liability company; ANHEUSER-BUSCH, LLC; a Missouri limited liability company; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID CALLAWAY, an individual; NATHAN ROSS, an individual; and KHANH QUOCK LE, an individual, on behalf of themselves and all others similarly situated,

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/20/2023 8:09 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br><br>111 North Hill Street, Los Angeles, CA 90012 | 23STCV31182 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher R. Rodriguez, Singleton Schreiber, LLP, 1414 K Street, Suite 470, Sacramento, CA 95814, (916) 248-8478

| DATE: 12/20/2023<br>*(Fecha)* | Clerk, by David W. Slayton, Executive Officer/Clerk of Court<br>*(Secretario)* J. Nunez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AnHeusir-Busin LLC
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|
| Christopher R. Rodriguez SBN 212274, Andrew D. Bluth SBN 232387 Singleton Schreiber, LLP, 1414 K Street, Suite 470, Sacramento, CA 95814 | Electronically **FILED** by Superior Court of California, County of Los Angeles 12/20/2023 8:09 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Nunez, Deputy Clerk |

TELEPHONE NO.: (916) 248-8478    FAX NO. *(Optional):* (619) 255-1515
E-MAIL ADDRESS: crodriguez@singletonschreiber.com
ATTORNEY FOR *(Name):* Plaintiffs, David Callaway, et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
David Callaway, et al. v. Anheuser-Busch Companies, LLC, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: 23STCV31182 |
|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[x] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 2
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 20, 2023
Christopher R. Rodriguez
_____    ▶    _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| David Callaway, et al. v. Anheuser-Busch Companies, LLC, et al. | 23STCV31182 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| David Callaway, et al. v. Anheuser-Busch Companies, LLC, et al. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| David Callaway, et al. v. Anheuser-Busch Companies, LLC, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| David Callaway, et al. v. Anheuser-Busch Companies, LLC, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☑ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| David Callaway, et al. v. Anheuser-Busch Companies, LLC, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _12/20/2023_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                    **AND STATEMENT OF LOCATION**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )
Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )

_____          ➢  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )

[ Print ]          [ Save ]          [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

       i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

       ii.  Include a brief summary of the dispute and specify the relief requested; and

       iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

       i.   Also be filed on the approved form (copy attached);

       ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)



Print     Save                    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

   

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| | CASE NUMBER: |
|---|---|
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR PLAINTIFF)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:  _____       _____
                                         JUDICIAL OFFICER



# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court
order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )     FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) DEFINITIONS

    a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to

      quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling

      portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission

      of documents to the Court for processing which may contain one or more PDF documents

      attached.

    d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a

      document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d)  Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3)  **EXEMPT LITIGANTS**

a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4)  **EXEMPT FILINGS**

a)  The following documents shall not be filed electronically:

i)  Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii)  Bonds/Undertaking documents;

iii)  Trial and Evidentiary Hearing Exhibits

iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v)  Documents submitted conditionally under seal.  The actual motion or application shall be electronically filed.  A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b)  Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document accompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2  For purposes of this General Order, all electronic filings must be in compliance with California

3  Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4  Division of the Los Angeles County Superior Court.

5

6    This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm