David H. Stern (196408)
Alex Spjute (229796)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: dstern@bakerlaw.com
aspjute@bakerlaw.com

James F. Bennett (*Pro Hac Vice* forthcoming)
Adam J. Simon (*Pro Hac Vice* forthcoming)
DOWD BENNETT LLP
7676 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Telephone: 314.889.7340
Facsimile: 314.863.2111
Email: jbennett@dowdbennett.com
asimon@dowdbennett.com

*Attorneys for Defendants*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

DAVID CALLAWAY, an individual; NATHAN ROSS, an individual; and KHANH QUOCK LE, an individual, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ANHEUSER-BUSCH COMPANIES, LLC, a Missouri limited liability company; ANHEUSER-BUSCH, LLC; a Missouri limited liability company; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 2:24-cv-00704-JFW-PVC

[Hon. John F. Walter]

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OF INDIVIDUAL CLAIMS AND DISMISS PUTATIVE CLASS ACTION PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

[Request for Judicial Notice concurrently filed herewith]

Case Filed: December 20, 2023

Hearing: March 11, 2024
Time: 1:30 p.m.
Courtroom: 7A

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASET TAKE NOTICE THAT**, on March 11, 2024 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable John F. Walter of the United States District Court for the Central District of California in Courtroom 7A, in the United States Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendants Anheuser-Busch Companies, LLC and Anheuser-Busch, LLC (collectively, "A-B") will and does move this Court for an order compelling arbitration of Plaintiffs' individual claims and dismissing the remaining claims.

This motion is brought on the grounds that Plaintiffs are subject to valid and enforceable arbitration agreements in which they each agreed to pursue claims on an individual basis in arbitration. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice and any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 5, 2024. (*See* ECF No. 13 (Joint Statement).)

Dated: February 12, 2024

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ David H. Stern*
David H. Stern
Alex Spjute

Attorneys for Defendants
ANHEUSER-BUSCH COMPANIES, LLC
and ANHEUSER-BUSCH, LLC

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

A. The Relevant Terms ..... 2

B. Plaintiffs Allege that they Are Subject to the Terms ..... 5

III. LEGAL STANDARD ..... 5

IV. ARGUMENT ..... 7

A. Plaintiffs Are and Were Aware of the Terms, Making the Terms Enforceable. ..... 7

B. The Parties Clearly and Unmistakably Delegated Arbitrability to the Arbitrator. ..... 9

C. The Arbitration Agreement Plainly Encompasses Plaintiffs' Individual Claims. ..... 11

D. Plaintiffs' Conclusory Allegation of Public Injunctive Relief Does Not Preclude Arbitration. ..... 12

E. Plaintiffs Cannot Avoid Arbitration by Arguing the Arbitration Provision is Unconscionable. ..... 14

F. Because Plaintiffs' Claims Must Be Arbitrated This Action Should Be Dismissed. ..... 16

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allied-Bruce Terminix Cos., Inc. v. Dobson*,
513 U.S. 265 (1995) .......... 5

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) .......... 6

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015) .......... 7

*Chavarria v. Ralphs Grocery Co.*,
733 F.3d 916 (9th Cir. 2013) .......... 14, 15

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
207 F.3d 1126 (9th Cir. 2000) .......... 11

*Chung v. Nemer*,
No. C 12-4608, 2012 WL 5289414 (N.D. Cal. Oct. 25, 2012) .......... 10

*Citizens Bank v. Alafabco, Inc.*,
539 U.S. 52 (2003) .......... 6

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985) .......... 6

*Dunn Indus. Grp., Inc. v. City of Sugar Creek*,
112 S.W.3d 421 (Mo. banc 2003) .......... 6, 7

*Ellis v. JF Enters., LLC*,
482 S.W.3d 417 (Mo. banc 2016) .......... 6

*Epic Sys. Corp. v. Lewis*,
584 U.S. 497 (2018) .......... 7

*Erickson v. Neb. Mach. Co.*,
2015 WL 4089849 (N.D. Cal. July 6, 2015) .......... 2

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
139 S. Ct. 524 (2019) .......... 7, 9

*Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535 (9th Cir. 2021) .......... 12, 13, 14

*Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072 (9th Cir. 2014) .......... 16

*Johnson v. Oracle Am., Inc.*, 2017 WL 8793341 (N.D. Cal. Nov. 17, 2017) .......... 10

*Legnaioli v. Chrysler Capital, LLC*, No. EDCV 15-00744, 2015 WL 12765468 (C.D. Cal. June 9, 2015) .......... 16

*Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530 (2012) (per curiam) .......... 6

*McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017) .......... 12

*Mims v. Davison Design & Dev., Inc.*, No. EDCV 16-92, 2016 WL 10771297 (C.D. Cal. Apr. 14, 2016) .......... 16

*Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201 (9th Cir. 2016) .......... 10

*Momot v. Mastro*, 652 F.3d 982 (9th Cir. 2011) .......... 10

*Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171 (9th Cir. 2014) .......... 8

*Peterson v. Lyft, Inc.*, No. 16-cv-07343, 2018 WL 6047085 (N.D. Cal. Nov. 19, 2018) .......... 16

*Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 282 P.3d 1217 (Cal. 2012) .......... 15

*Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393 (2d Cir. 2004) .......... 8

*Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010) .......... 7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798 (Mo. banc 2015) .................... 6

*Streedharan v. Stanley Indus. & Auto., LLC*, 2023 WL 9067587 (9th Cir. Jan. 4, 2023) .................... 14, 15

*Tuminello v. Richards*, 504 F. App'x 557 (9th Cir. 2013) .................... 10

**Statutes**

9 U.S.C. § 2 .................... 5, 6

9 U.S.C. § 3 .................... 7, 14

9 U.S.C. § 4 .................... 7

California Civil Code § 1670.8 .................... 1, 8, 11, 14

Federal Arbitration Act .................... 5, 6, 7

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Anheuser-Busch Companies, LLC and Anheuser-Busch, LLC (collectively, "A-B") respectfully request an order compelling Plaintiffs David Callaway, Nathan Ross, and Khanh Quock Le (collectively, "Plaintiffs") into individual arbitration, and dismissing this action.

## I. INTRODUCTION

Plaintiffs filed this putative class action complaint against A-B seeking statutory damages for alleged violations of California Civil Code § 1670.8 and California Business & Professions Code § 17200 based on one provision contained in the Terms and Conditions ("Terms") of A-B's websites and mobile applications ("Platforms").[1] A-B's Terms govern users' "use and access of the Platform[s]." (Request for Judicial Notice ("RJN") Ex. 1 (Anheuser-Busch.com Terms and Conditions)[2] p. 1.) Users acknowledge and agree to the Terms "by entering,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[1] Plaintiffs have defined the "Platforms" at issue to include "without limitation" the "websites or mobile applications operated by Anheuser-Busch [Companies, LLC]." But Plaintiffs do not allege which of these websites or mobile applications they actually used or visited, and they do not allege that the Terms found on the Anheuser-Busch.com website cited in the Complaint are uniformly applicable to all "websites or mobile applications operated by Anheuser-Busch." (*See* Compl. ¶ 1.) The only two specific websites or mobile applications referenced by Plaintiffs are Anheuser-Busch.com and the Anheuser-Busch Experience mobile application. Because the Anheuser-Busch Experience mobile application does not link to, reference, or incorporate any information designated as "Terms and Conditions," for purposes of this Motion, A-B refers to the Terms and Conditions contained in the Anheuser-Busch.com website.

[2] A-B's current Terms and Conditions are also available online at https://www.anheuser-busch.com/terms-and-conditions. These Terms were in effect on December 20, 2023, when Plaintiffs filed their Complaint. *See* "Terms and Conditions" Anheuser-Busch.com; archived at Wayback Machine (https://web.archive.org/web/20231220205917/https://www.anheuser-busch.com/terms-and-conditions); citing a capture dated December 20, 2023. The Court can take judicial notice of the contents of websites archived via the Wayback

accessing, browsing, submitting information to, or otherwise using [the Platforms].” (*Id.*) Plaintiffs acknowledge that all visitors or users of the Platforms must agree to the Terms “[i]n order to use and benefit from the Platforms.” (Compl. at ¶ 5.) Plaintiffs further acknowledge A-B’s position that users are bound by the Terms “simply by accessing or using the Platforms.” (*Id.*) Plaintiffs go on to allege that A-B’s Terms are “impose[d] upon their customers for the privilege of *accessing* the goods and/or services offered and promoted on the Platforms.” (*Id.* at ¶ 6 (emphasis added).)

Because Plaintiffs have alleged that they were subject to the Terms, Plaintiffs have acknowledged that the Terms are an enforceable contract between Plaintiffs and the putative class on the one hand, and A-B on the other. This enforceable contract includes an arbitration provision that clearly and unmistakably delegates all questions relating to the arbitrability of any claim to the arbitrator. Plaintiffs’ claims against A-B therefore must be brought through binding arbitration and, in the event any of the Plaintiffs challenge the arbitrability of their individual claims, only the arbitrator can determine the threshold issue of arbitrability. Accordingly, the Court should grant A-B’s Motion to Compel Arbitration and this case should be dismissed.

## II. FACTUAL BACKGROUND

### A. The Relevant Terms

Since at least January 2020,[3] the Terms have contained a provision by which

---

Machine. *See* Erickson v. Nebraska Mach. Co., 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (“Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.”).

[3] *See* “Terms and Conditions” Anheuser-Busch.com; archived at Wayback Machine (https://web.archive.org/web/20210819154035/https://www.anheuser-busch.com/terms-conditions.html); citing a capture dated August 19, 2021 (providing a last updated date of January 1, 2020).



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

users agree to submit their claims to binding arbitration:

BINDING ARBITRATION

> Any controversy or claim arising out of your use of the Platform, these Terms and Conditions, and/or our Privacy Policy shall be settled by binding arbitration before Judicial Arbitration and Mediation Services ("JAMS"), in a location determined by the arbitrator as set forth herein (provided that such location is reasonably convenient for claimant), or at such other location as may be mutually agreed upon by the parties, in accordance with the procedural rules for commercial disputes set forth in the Comprehensive Arbitration Rules and Procedures of JAMS ("JAMS Rules and Procedures") then prevailing, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The arbitrator shall be selected pursuant to the JAMS Rules and Procedures. Please go to www.jamsadr.com to see a complete copy of the JAMS Rules and Procedures or to submit a claim for arbitration.
>
> In resolving a claim for arbitration, the arbitrator shall apply Missouri law consistent with the Federal Arbitration Act and applicable statutes of limitations, and shall honor claims of privilege recognized at law. In the event that you are able to demonstrate that the costs of arbitration will be prohibitive as compared to the costs of litigation, we will pay as much of your filing and hearing fees in connection with the arbitration as the arbitrator deems necessary to prevent the arbitration from being cost-prohibitive. If any part of this arbitration provision is deemed to be invalid, unenforceable or illegal (other than that claims will not be arbitrated on a class or representative basis), or otherwise conflicts with the rules and procedures established by JAMS, then the balance of this arbitration provision shall remain in effect and shall be construed in accordance with its terms as if the invalid, unenforceable, illegal or conflicting provision were not contained herein. If, however, the portion that is deemed invalid, unenforceable or illegal is that claims will not be arbitrated on a class, representative, or collective basis, or as a private attorney general on behalf of other persons similarly situated, then the entirety of this arbitration provision shall be null and void, and neither you nor we shall be entitled to arbitrate the dispute. Upon filing a demand for arbitration, all parties to such arbitration shall have the right of discovery, which discovery shall be completed within sixty days after the demand for arbitration is made, unless further

> extended by mutual agreement of the parties. Disputes regarding the arbitrability of any claim shall be resolved by the arbitrator.
>
> THE ARBITRATION OF DISPUTES PURSUANT TO THIS PARAGRAPH SHALL BE IN YOUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS ACTION OR REPRESENTATIVE PROCEEDING. YOU MAY NOT BRING ANY CLAIM AS A PRIVATE ATTORNEY GENERAL ON BEHALF OF OTHER SIMILARLY SITUATED PERSONS. THE ARBITRATOR MAY NOT CONSOLIDATE OR JOIN THE CLAIMS OF OTHER PERSONS OR PARTIES WHO MAY BE SIMILARLY SITUATED.
>
> BY AGREEING TO THE ARBITRATION OF DISPUTES AS SET FORTH HEREIN, YOU AGREE THAT YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL AND LIMITING YOUR RIGHT TO APPEAL. DO NOT USE THIS SITE IF YOU DO NOT AGREE TO THE FOREGOING BINDING ARBITRATION PROVISIONS.

(RJN Ex. 1, p. 3.) As acknowledged and alleged by Plaintiffs, the Terms state in the opening paragraph that a user's "use and access of the Platform is governed by and subject to the following Terms and Conditions." (*Id.* Ex. 1, p. 1; *see also* Compl. ¶ 5 (acknowledging the Terms convey that "by accessing or using the Platforms, users have read, understood, and agreed to be bound by the Terms—regardless of whether users are simply visiting the Platforms or are actual purchasers or registered members of the Platforms.").) The Terms also state in the opening paragraph:

> **BY ENTERING ACCESSING, BROWSING, SUBMITTING INFORMATION TO, OR OTHERWISE USING THIS WEBSITE, YOU ACKNOWLEDGE AND AGREE TO THE FOLLOWING TERMS AND CONDITIONS, INCLUDING BINDING ARBITRATION AND WAIVER OF A RIGHT TO JURY TRIAL, AND YOU REPRESENT AND WARRANT THAT YOU ARE TWENTY-ONE (21) YEARS OLD OR OLDER. IF YOU DO NOT AGREE TO THESE TERMS OR YOU ARE YOUNGER THAN TWENTY-ONE (21) YEARS OLD, DO NOT USE THIS WEBSITE."**

(RJN Ex. 1.)

### B. Plaintiffs Allege that they Are Subject to the Terms

In their Complaint, Plaintiffs allege that, "[l]ike Plaintiffs, all Class members are California residents who accessed, downloaded, used, or completed transactions with Anheuser-Busch on the Platforms *and who were subject to the Terms* …." Compl. ¶ 23. (emphasis added).) This allegation makes clear that Plaintiffs understand and agree that they are "subject to the Terms."

Moreover, Plaintiffs' allegations demonstrate knowledge of the Terms and that continued use of the Platforms is deemed to provide the user's assent to the Terms. Specifically, Plaintiffs allege that "[i]n order to use and benefit from the Platforms, the Platforms' visitors, or users, are informed that they must agree to Anheuser-Busch's Terms and Conditions." (Compl. ¶ 5.) Plaintiffs continue by alleging that "[i]n fact, Anheuser-Busch asserts that simply by accessing or using the Platforms, users have read, understood, and agreed to be bound by the Terms." (*Id.*) Thus, Plaintiffs allegations demonstrate they are fully aware of the Platforms' terms of use, *i.e.*, use and access of the website is subject to the Terms, and continued use and access of the website (as opposed to ceasing use and access upon learning the Terms) is assent to the Terms.

## III. LEGAL STANDARD

A-B's claim for arbitration is governed by Missouri law consistent with the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 2; (RJN Ex. 1, p. 3 (stating that, "[i]n resolving a claim for arbitration, the arbitrator shall apply Missouri law consistent with the Federal Arbitration Act and applicable statutes of limitations.")).[4] Under the FAA, an agreement to arbitrate, like the one in the

[4] Even if not explicitly stated in the document, the Arbitration Agreements would still be governed by the FAA because A-B interacts with and provides information to consumers through its online platforms, thereby affecting interstate commerce. *See* *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273 (1995) (explaining that "involving commerce" means "affecting commerce," signaling

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

Terms, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Congress enacted the FAA to reverse the "widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Ellis v. JF Enters., LLC*, 482 S.W.3d 417, 420 (Mo. banc 2016) ("To overcome judicial resistance to arbitration, Congress enacted the [FAA]. Section 2 embodies the national policy favoring arbitration."). The FAA "reflects an emphatic federal policy in favor of arbitral dispute resolution." *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 553 (2012) (per curiam) (internal quotation omitted); *see also* *Dunn Indus. Grp., Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 427 (Mo. banc 2003) ("[The FAA] evinces a liberal policy favoring arbitration agreements so that disputes might be resolved without resort to the courts."); *Concepcion*, 563 U.S. at 339 (reaffirming the "liberal federal policy favoring arbitration," and explaining that "courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms") (citations omitted)).

"[T]he [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original); *see also* *Marmet Health Care Ctr.*, 565 U.S. at 530-31 ("State and federal courts must enforce the [FAA] with respect to all arbitration agreements covered by that

---

"Congress' intent to exercise its Commerce Clause powers to the full."); *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) ("We have interpreted the term 'involving commerce' in the FAA as the functional equivalent of the more familiar term 'affecting commerce'—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power.") (internal citations omitted). *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 805 (Mo. banc 2015) ("[T]he FAA applies even when, for example, an arbitration agreement is executed in a single state by residents of that state if one of the parties to the agreement engages in business in multiple states.").



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

statute.") (internal citation omitted); 9 U.S.C. §§ 3-4. The FAA therefore "requires courts 'rigorously' to 'enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes and the rules under which that arbitration will be conducted.'" *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 506 (2018) (internal citation omitted). And all "[d]oubts as to arbitrability should be resolved in favor of coverage." *Dunn Indus.*, 112 S.W.3d at 429.

The court's inquiry is even more limited where (as here) the parties delegate the power to decide arbitrability to the arbitrator—rather than the court. *See* *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). The Supreme Court has repeatedly made clear that "parties may agree to have an arbitrator decide … 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)). "[I]f a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue." *Id.* at 530. When considering whether there is a valid delegation, the court undertakes a limited inquiry into whether the parties "clearly and unmistakably" delegated the power to decide arbitrability to the arbitrator. *Brennan*, 796 F.3d at 1130; *see also* *Schein*, 139 S. Ct. at 530.

## IV. ARGUMENT

The FAA requires the Court to enforce the arbitration provision at issue here because the parties entered into valid agreements to arbitrate that clearly and unmistakably delegate the power to decide arbitrability to the arbitrator.

### A. Plaintiffs Are and Were Aware of the Terms, Making the Terms Enforceable.

The Terms, as alleged by Plaintiffs, are a browsewrap agreement, which is

an "agreement [that] does not require the user to manifest assent to the terms and conditions expressly . . . [and a] party instead gives his assent simply by using the website." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014) (quotation and citation omitted). A "defining feature of browsewrap agreements is that the user can continue to use the website or its services without visiting the page hosting the browsewrap agreement or even knowing that such a webpage exists." *Id.* (quotation omitted). "Because no affirmative action is required by the website user to agree to the terms of a contract other than his or her use of the website, the determination of the validity of the browsewrap contract depends on whether the user has actual or constructive knowledge of a website's terms and conditions." *Id*. (quotation omitted).

There is nothing inherently wrong with browsewrap agreements—"courts have consistently enforced browsewrap agreements where the user had actual notice of the agreement." *Id*. (citing *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 401-04 (2d Cir. 2004) (finding likelihood of success on the merits in a breach of browsewrap claim where the defendant "admitted that ... it was fully aware of the terms").

Here, Plaintiffs' allegations in the Complaint not only establish actual notice of the Terms, but their claims are actually *based* on the language of the Terms. Plaintiffs cannot have it both ways. Either the Terms are a contract or they are not. If they are not a contract or proposed contract, then liability under Cal. Civ. Code § 1670.8 cannot attach. But if they are a contract or proposed contract, then Plaintiffs' access and use of the Platforms with knowledge of the Terms establishes the requisite assent to enforce an arbitration agreement contained in the Terms.

Plaintiffs acknowledge and allege that "[i]n order to use and benefit from the Platforms, the Platforms' visitors, or users, are informed that they must agree to [A-B's Terms]." (Compl. at ¶ 5.) Plaintiffs concede that their use of the Platforms

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

was "subject to" the Terms. (*See id.* at ¶ 23 (alleging the purported class members "[l]ike Plaintiffs … were subject to the Terms").)

Plaintiffs further allege that each of them "accessed, downloaded, used, or completed sales transactions through the Platforms[.]" (Compl. ¶¶ 11-13.) And Plaintiffs do not allege they ceased using the Platforms after becoming aware of the Terms. Thus, both explicitly and implicitly, Plaintiffs have alleged they used the Platforms with knowledge of, and subject to, the Terms. Because Plaintiffs had knowledge of the Terms, the Terms constitute valid, enforceable agreements.

### B. The Parties Clearly and Unmistakably Delegated Arbitrability to the Arbitrator.

Once the Court finds that Plaintiffs agreed to be bound by the Terms, it must send this case to arbitration. To the extent Plaintiffs intend to challenge whether their claims fall within the scope of the arbitration provision or whether the arbitration clause is unenforceable for some reason, the arbitration clause "clearly and unmistakably" provides that those issues must be decided by an arbitrator, *not* the Court. *See* Schein, 139 S. Ct. at 529, 531 (where there is "clear and unmistakable evidence" that the "contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract," "even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless").

The arbitration clause in the Terms specifies that "[d]isputes regarding the arbitrability of any claim shall be resolved by the arbitrator." (RJN Ex. 1, p. 3.) There are no carve-outs or exceptions to the delegation clause—the parties delegated to the arbitrator authority to determine arbitrability of "*any* claim" (*Id.* (emphasis added).)[5]

[5] The Terms also specify that arbitration will be conducted by JAMS "in accordance with the procedural rules for commercial disputes set forth in the Comprehensive



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Courts routinely find that such language is "clear and unmistakable" evidence of the parties' intent to submit the question of arbitrability to the arbitrator. *See, e.g.*, *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016) (language in arbitration clause stating that "arbitrators [had] the authority to decide issues relating to the 'enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision' … 'clearly and unmistakably indicates [the parties'] intent for the arbitrators to decide the threshold question of arbitrability.'") (citation omitted); *Tuminello v. Richards*, 504 F. App'x 557, 558 (9th Cir. 2013) (language in arbitration clause stating that arbitrator "shall decide 'any and all controversies … concerning any account(s), transaction, dispute or the construction, performance, or breach of this or any other Agreement' … provides clear and unmistakable evidence that the parties intended the question of arbitrability to be decided in arbitration"); *Momot v. Mastro*, 652 F.3d 982, 987-88 (9th Cir. 2011) (language in arbitration clause stating that arbitrator had the authority to determine the "validity or application of any of the provisions" of the arbitration clause was "clear and unmistakable"); *Chung v. Nemer*, No. C 12-4608, 2012 WL 5289414, at *1 (N.D. Cal. Oct. 25, 2012) (similar).

---

Arbitration Rules and Procedures of JAMS ("JAMS Rules and Procedures") then prevailing." (RJN Ex. 1, p. 3). JAMS Rule 11 specifies that "[j]urisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter." (RJN Ex. 2 (JAMS Comprehensive Arbitration Rules and Procedures), Rule 11(b).) This is further "clear and unmistakable" evidence the parties intended for the arbitrator to determine threshold questions of arbitrability. *See, e.g.*, *Johnson v. Oracle Am., Inc.*, 2017 WL 8793341, at *6-9 (N.D. Cal. Nov. 17, 2017) (enforcing arbitration agreement that incorporated AAA and JAMS Rules; finding no distinction between incorporation of AAA Rules and incorporation of JAMS Rules for purposes of assessing intent to arbitrate).



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### C. The Arbitration Agreement Plainly Encompasses Plaintiffs' Individual Claims.

Because the agreement is valid and the delegation clause clearly and unmistakably delegates questions of arbitrability to the arbitrator, the Court's analysis should end here. If, however, the Court finds the delegation clause does not meet the clear and unmistakable standard, the Court should still enforce the parties' arbitration agreement because the arbitration provision plainly encompasses Plaintiffs' claims. *See* *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

The arbitration provision in the Terms broadly encompasses "[a]ny controversy or claim arising out of your use of the Platform, *these Terms and Conditions*, and/or our Privacy Policy." (RJN Ex. 1, p. 3 (emphasis added).) Plaintiffs' claims unquestionably arise out of "these Terms and Conditions," and therefore fall squarely within the arbitration provision. Indeed, Plaintiffs sole basis for their Complaint is the general allegation that a specific provision of the Terms is unlawful under § 1670.8. These claims plainly relate to "these [A-B's] Terms and Conditions." Because "a valid agreement to arbitrate exists," and that "agreement encompasses the dispute at issue," "the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron*, 207 F.3d at 1130.

Further, Plaintiffs have agreed to arbitrate exclusively in their individual capacities and *not* as representatives of a purported class: "THE ARBITRATION OF DISPUTES PURSUANT TO THIS PARAGRAPH SHALL BE IN YOUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS ACTION OR REPRESENTATIVE PROCEEDING." (RJN Ex. 1 (emphasis in original).)



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### D. Plaintiffs' Conclusory Allegation of Public Injunctive Relief Does Not Preclude Arbitration.

Plaintiffs may argue that their three mentions of the term "public injunctive relief" in the Complaint precludes arbitration, at least as to the public injunctive relief "claim." Not so. The Complaint utterly fails to allege the relief they seek meets the requirements of relevant California precedent to qualify as "public injunctive relief." Accordingly, Plaintiffs' conclusory allegations of public injunctive relief do not preclude the Court from entering an order compelling arbitration. *See Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 548 (9th Cir. 2021) ("Although the complaint labels the requested relief as 'public,' we must look beyond such conclusory assertions and assess for ourselves whether, under the applicable standards, the relief requested implicates the *McGill* [public injunctive relief] rule.").

The California Supreme Court has explained that California law distinguished between private injunctive relief—*i.e.*, relief that primarily resolves a private dispute between the parties and rectifies individual wrongs and that benefits the public, if at all, only incidentally—and public injunctive relief—*i.e.*, relief that by and large benefits the general public and that benefits the plaintiff, if at all, only incidentally and/or as a member of the general public. *Id.* at 541 (citing *McGill v. Citibank, N.A.*, 393 P.3d 85, 87 (Cal. 2017)).

"[W]hether a requested injunction is public or private depends upon who are the primary beneficiaries, and the existence of an incidental benefit to the general public is not enough to classify that relief as non-waivable public injunctive relief." *Id.* at 546. Indeed, "injunctive relief aimed at regulating the substantive terms of contractual arrangements is private injunctive relief that primarily benefits those who enter into such contracts." *Id.* (rejecting argument that an injunction related to future contract terms provides a benefit to the general public in the sense that

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

persons *considering* entering into such contracts would also be protected). Moreover, the mere fact that an injunction is aimed at prohibiting a defendant from continuing to engage in allegedly illegal and deceptive practices does not make it public injunctive relief. *Id*.

Here, Plaintiffs only mention "public injunctive" relief in passing three times in their Complaint:

- In an introductory paragraph, stating, "[b]y way of this action, Plaintiffs, and all others similarly situated, seek damages, restitution, injunctive relief, *public injunctive relief*, and other relief necessitated by Defendants' unlawful and unfair actions in violation of California Civil Code section 1670.8 and California Business and Professions Code section 17200." (Compl. ¶ 2 (emphasis added));
- In Count I, stating, "Plaintiffs and Class members are entitled to restitutionary and injunctive relief, *including public injunctive relief*." (*Id.* at ¶ 50 (emphasis added)); and
- In their prayer for relief, seeking judgment "[a]warding injunctive relief, *including public injunctive relief*, as claimed herein or as the Court may deem proper." (*Id.* at p. 11 (emphasis added).)

The Complaint fails to plead sufficient detail regarding the injunctive relief sought for the Court to determine whether it would qualify as "public" under Ninth Circuit Precedent. The Complaint's sole description of the injunctive relief sought is:

> "Plaintiffs on behalf of themselves and all others similarly situated seek an order *permanently enjoining Defendants from engaging in these ongoing unlawful and unfair practices* [in violation of California Civil Code section 1670.8 and California Business and Professions Code section 17200], and civil penalties and damages available under California law."

(Compl. ¶ 2 (emphasis added).) This general injunctive relief seeking to enjoin A-B from "engaging in these unlawful and unfair practices" is exactly the type of injunctive relief the Ninth Circuit said was not public injunctive relief in Hodges. Hodges, 21 F.4th at 546 (noting the court in "*Maldonado* plainly erred in holding



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

that any injunction aimed at prohibiting the defendant 'from continuing to engage in its allegedly illegal and deceptive practices' is public injunctive relief.").

Based on the allegations in the Complaint, Plaintiffs seek to enjoin A-B from including in its Terms and Conditions for its Platforms the challenged language in the Complaint that Plaintiffs allege to be a violation of § 1670.8. In other words, Plaintiffs are seeking "injunctive relief aimed at regulating the substantive terms of contractual arrangements," which the Ninth Circuit said in *Hodges* is private—not public—injunctive relief. *Id.*

Accordingly, any argument that arbitration cannot be compelled because of the presence of an allegation of "public" injunctive relief should fail.[6]

### **E. Plaintiffs Cannot Avoid Arbitration by Arguing the Arbitration Provision is Unconscionable.**

Plaintiffs cannot establish that the arbitration provision is unconscionable. "Under California law, a contract must be both procedurally and substantively unconscionable to be rendered invalid." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013). Procedural unconscionability concerns "the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power[.]" *Streedharan v. Stanley Indus. & Auto., LLC*, 2023 WL 9067587, at *2 (9th Cir. Jan. 4, 2023). Substantive unconscionability focuses on "the fairness of an agreement's actual terms and to

---

[6] Alternatively, even if the Complaint actually had adequately alleged public injunctive relief, the Court nevertheless should compel arbitration for Plaintiffs' individual claims and stay the proceedings as to the request for public injunctive relief pending resolution of the arbitration. *See* 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.").



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

assessments of whether they are overly harsh or one-sided." *Id*. When determining whether a contract provision is unconscionable, courts consider whether the provision "shocks the conscience." *Chavarria*, 733 F.3d at 923. The party opposing an arbitration provision bears the burden of proving that the provision is unconscionable. *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 282 P.3d 1217, 1224-25 (Cal. 2012).

In *Dupler v. Orbitz, LLC*, the court held that a browsewrap arbitration agreement was not unconscionable. 2018 WL 6038309, at *5 (C.D. Cal. Jul. 5, 2018). There, although the defendant had superior bargaining strength and the Terms of Use were presented on a "take it or leave it basis," the court held that the Terms of Use were "not oppressive in any other way, and Plaintiffs should not have been surprised by the arbitration agreement." *Id.* at *4. The court further noted that the arbitration agreement appeared in highlighted and bold text. *Id.* Moreover, the court held that the arbitration agreement was not substantively unconscionable because there were "no overly harsh or one-sided terms[.]" *Id.*

Here, A-B's arbitration agreement is not unconscionable. Like the agreement in *Dupler*, the arbitration agreement is not unduly oppressive nor overly harsh or one-sided. Rather, it is simply a mutual obligation to arbitrate all claims. (RJN Ex. 1, p. 3.) Moreover, as discussed above, Plaintiffs allege they are aware of and knowledgeable of the Terms, and that they are assented to by continued use of the Platforms. Further, the cost of arbitration cannot be used to support an unconscionability argument because the arbitration provision expressly provides: "In the event that you are able to demonstrate that the costs of arbitration will be prohibitive as compared to the costs of litigation, we will pay as much of your filing and hearing fees in connection with the arbitration as the arbitrator deems necessary to prevent the arbitration from being cost-prohibitive." (RJN Ex. 1, p. 3.)

**F. Because Plaintiffs' Claims Must Be Arbitrated This Action Should Be Dismissed.**

The Court "may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014). Here, as courts have found in many other cases, dismissal is the most efficient path forward. *See, e.g.*, *Peterson v. Lyft, Inc.*, No. 16-cv-07343, 2018 WL 6047085, at *6 (N.D. Cal. Nov. 19, 2018) (granting motion to compel arbitration and dismissing case); *Mims v. Davison Design & Dev., Inc.*, No. EDCV 16-92, 2016 WL 10771297, at *5 (C.D. Cal. Apr. 14, 2016) (same); *Legnaioli v. Chrysler Capital, LLC*, No. EDCV 15-00744, 2015 WL 12765468, at *4 (C.D. Cal. June 9, 2015) (same).

## V. CONCLUSION

For the foregoing reasons, A-B respectfully requests that the Court compel arbitration of Plaintiffs' individual claims and dismiss the remaining representative class action claims.

Dated: February 12, 2024

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ David H. Stern*
David H. Stern
Alex Spjute

Attorneys for Defendants
ANHEUSER-BUSCH COMPANIES, LLC
and ANHEUSER-BUSCH, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# PROOF OF SERVICE

I, Andrea Gonzalez, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On February 12, 2024, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OF INDIVIDUAL CLAIMS AND DISMISS PUTATIVE CLASS ACTION PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☑ by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date and the transmission was reported as complete and without error.

| | |
|---|---|
| SINGLETON SCHREIBER, LLP<br>Christopher R. Rodriguez<br>Andrew D. Bluth<br>John R. Ternieden<br>Trent J. Nelson<br>Yuqing "Emily" Min<br>1414 K Street, Suite 470<br>Sacramento, California 95814<br>Telephone: (916) 248-8478<br>Facsimile: (619) 255-1515<br>E-Mail:<br>crodriguez@singletonschreiber.com<br>abluth@singletonschreiber.com<br>jternieden@singletonschreiber.com<br>tnelson@singletonschreiber.com<br>emin@singletonschreiber.com<br>kbailey@singletonschreiber.com | *Attorneys for Plaintiffs* |
| LAW OFFICES OF THOMAS LEARY, APC<br>Thomas A. Leary<br>3023 First- Avenue<br>San Diego, California 92103<br>Phone: (619) 291-1900<br>Email: tleary@learylaw.com<br>kmartinez@learylaw.com | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is

presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 12, 2024, at Los Angeles, California.

*/s/ Andrea Gonzalez*
Andrea Gonzalez

Baker & Hostetler LLP
Attorneys at Law
Los Angeles