UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 24-704-JFW(PVCx)** | Date: March 14, 2024 |
| Title: | David Callaway, et al. *-v-* Anheuser-Busch Companies, LLC, et al. | |

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

Shannon Reilly                                  None Present
Courtroom Deputy                          Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                              None

**PROCEEDINGS (IN CHAMBERS):**     ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

On December 20, 2023, Plaintiffs David Callaway, Nathan Ross, and Khanh Quock Le (collectively, "Plaintiffs") filed a putative Class Action Complaint in Los Angeles Superior Court, alleging that Defendants Anheuser-Busch Companies, LLC and Anheuser-Busch, LLC (collectively, "Defendants") violated California Civil Code § 1670.8 and California Business & Professions Code § 17200. On January 25, 2024, Defendants removed this action to this Court, alleging that this Court has jurisdiction based on the Class Action Fairness Act ("CAFA").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and the party seeking to avail itself of a removal statute bears the burden of showing that removal is appropriate. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.").

Under CAFA, a party may avail itself of federal jurisdiction when "the amount in controversy exceeds $5 million, there is minimal diversity between the parties, and the number of proposed class members is at least 100." *Taylor v. Cox Commc'ns Cal., LLC,*, 2016 WL 2902459, at *2 (C.D. Cal. May 18, 2016); 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). In general, removal statutes are strictly construed, and if there is "any doubt as to the right of removal in the first place," the case must be remanded. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, this

presumption does not extend to CAFA cases.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.")

      In this case, Defendants have failed to adequately allege the facts essential for subject matter jurisdiction under CAFA.  In the Notice of Removal, Defendants state that "the citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its owners/members."  Notice of Removal, ¶ 9.  However, pursuant to 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting that "under § 1332(d)(10), 'an unincorporated association [is] . . . deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized,' which departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members'"); *see also Hernandez v. Pure Health Research LLC*, 2023 WL 7029213 (S.D. Cal. Oct. 25, 2023) (concluding that "in a CAFA case, where a party is an LLC, the LLC's citizenship shall be the State under whose laws it is organized and the State where it has its principal place of business"); *Lipp v. Carvin Software, LLC*, 2023 WL 4681612 (C.D. Cal. May 18, 2023) (concluding that CAFA created an exception to the typical rule that a limited liability company is a citizen of every state that its members are citizens).  In the Notice of Removal, Defendants allege that Anheuser-Busch Companies, LLC is a citizen of Delaware and Missouri because it is wholly owned by Anheuser-Busch InBev Worldwide, Inc., and Anheuser-Busch InBev Worldwide, Inc. is incorporated in Delaware and maintains its principal place of business and "nerve center" in St. Louis, Missouri.  Notice of Removal, ¶ 10.  Defendants also allege that Anheuser-Busch, LLC is a citizen of Delaware and Missouri because it is a wholly owned subsidiary of Anheuser-Busch Companies, LLC.  Notice of Removal, ¶ 11.  However, Defendants have failed to allege the states under whose laws they are organized or the states where they have their principal place of business.  As a result, the Court cannot determine if subject matter jurisdiction under CAFA exists.  *See, e.g., Weaver v. Nestle USA, Inc.*, 2008 WL 5453734 (N.D. Cal. Oct. 30, 2008) (holding that minimal diversity did not exist where it was "undisputed that the purported class consists of California citizens and that Defendant is a citizen of Delaware and California").

      Accordingly, Defendants are ordered to show cause, in writing, no later than **March 18, 2024**, why minimal diversity exists under CAFA and why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to this Order to Show Cause will result in the remanding of this action to Los Angeles Superior Court.

      IT IS SO ORDERED.